**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| LOUIS E. MOTAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. C-05-390 |
| | § | |
| GUIDANT CORPORATION, et al, | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER OF REMAND</u>**

On this day came on to be considered Plaintiff's Motion to Remand the above-styled action for lack of subject matter jurisdiction.  For the reasons discussed below, the Motion to Remand is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 94th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 05-3377-C.

This case is one of three, nearly-identical, lawsuits[1] filed by individual plaintiffs (all Texas citizens) against Defendants Cardiac Pacemakers, Inc., Guidant Corporation, Guidant Sales Corporation, and Guidant Puerto Rico Sales Corporation. Defendants Guidant Corporation ("Guidant") and Guidant Sales Corporation ("GSC") are both Indiana corporations with their principal places of business in Indianapolis, Indiana.  Defendant Cardiac

---

[1] The cases are <u>Hinojosa v. Guidant Corporation</u>, <u>et</u> <u>al</u>, 2:05-cv-399; <u>Motal v. Guidant Corporation</u>, <u>et</u> <u>al</u>, 2:05-cv-390; and <u>Liedeker v. Guidant Corporation</u>, <u>et</u> <u>al</u>, 2:05-cv-398.  The only difference in each case is the named Plaintiff.  The claims, Defendants, and attorneys in each case are identical.

Pacemakers, Inc. ("CPI") is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Only Defendant Guidant Puerto Rico Sales Corporation ("GPRSC"), a Texas corporation, is a citizen of the same state as the plaintiffs in the lawsuits.

The plaintiff, in each of these three cases, alleged the exact same litany of state law causes of action against the four Defendants, including: civil conspiracy, battery, breach of fiduciary duty, products liability, breach of express and implied warranty, fraud, constructive fraud, negligence, and intentional infliction of emotional distress. The claims in these suits arise out of the design, manufacture, marketing, and sale of the Ventak Prizm 2 Model 1861 Implantable Cardioverter Defibrillator ("ICD"), a surgically implanted electronic device used to monitor and stabilize heart rhythms. Each plaintiff had this particular ICD implanted at some time, and is suing Defendants for damages related to an alleged defect in the device.

Although the above-styled case, just like the others, was initially filed in state court, Guidant removed the action to this Court alleging that complete diversity of citizenship exists because GPRSC was "improperly joined." Guidant claims that GPRSC is not a proper party because it did not participate in the design, manufacture, or sale of the allegedly-defective ICD. Plaintiff disagrees, however, and has filed a motion to remand the case.

-2-

Plaintiff's argument in favor of remand relies heavily on this Court's Order of September 7, 2005, remanding <u>Hinojosa v. Guidant Corporation</u>, <u>et al</u>, 02:05-cv-399, to state court.[2]  Plaintiff argues that, because the cases are essentially identical, the same rationale for remanding the present case should apply.  Both parties are aware of the <u>Hinojosa</u> Order and it has been attached to filings in the case, so there is no reason to reprint it here.

For the reasons expressed in the <u>Hinojosa</u> Order, Plaintiff's Motion to Remand in this case is hereby GRANTED.  Defendants have produced no additional, persuasive reasons to meet their "heavy burden" of proving that Plaintiff has "no reasonable possibility" of recovering under state law.  <u>See</u>, <u>e.g.</u>, <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 699, 701 (5th Cir. 1999).  Defendants argue that, because GPRSC did not participate in the design or manufacture of the allegedly-defective ICD, it owes no duty to Plaintiff.  From this premise Defendants conclude that, "[b]ecause no legal duty exists, there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against GPRSC." (D.'s Resp. to Mot. to Remand at p. 5.)

This Court, while sympathetic to Defendants' arguments, cannot agree that the fact that GPRSC did not design or manufacture the ICD absolutely forecloses any reasonable possibility of recovery.

---

[2] <u>See Hinojosa v. Guidant Corporation</u>, <u>et al</u>, 2:05-cv-399, Docket Entry 15, Order of Remand, September 7, 2005.

The heart of Defendants argument is the claim that, because GPRSC could not be held *directly* liable for any of the primary torts (fraud, negligence, etc.), it cannot be held *indirectly* liable for those same torts by means of a conspiracy claim.  This Court is not convinced that Texas law is so clear.

In Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996), the Texas Supreme Court stated that "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold *at least one* of the named defendants liable." Id. at 681 (emphasis supplied).  Similarly, in Berry v. Golden Light Coffee Co., 327 S.W.2d 436 (Tex. 1959), the Texas Supreme Court noted that "[w]hen a conspiracy is proven, each of the parties thereto is responsible for all acts done by any of the conspirators in furtherance of the [conspiracy]." Id. at 438. In other words, in order to show conspiracy to defraud, for example, a plaintiff must begin by showing that *one* of the named defendants committed fraud.  Then, the plaintiff may hold *other* defendants liable by proving they participated in a conspiracy with the tortfeasor to commit the fraud.  The plaintiff need not show that each defendant individually committed the underlying fraud. Rather, a plaintiff can hold other defendants liable simply by virtue of their participation in the conspiracy.

Common sense supports the above interpretation of the conspiracy case law.  Defendants contend that, where plaintiffs

cannot demonstrate that the non-diverse defendant is liable for the alleged underlying tort, that defendant cannot also be liable for civil conspiracy.[3]  That contention defies logic.  If Plaintiff needed to prove that GPRSC is liable for the underlying tort (fraud) in order to hold it liable for conspiracy, then why would civil conspiracy exist as a cause of action at all?  Under Defendants' interpretation, civil conspiracy would always be utterly redundant because a Plaintiff would have to establish that each defendant is directly liable in order to hold them indirectly liable through conspiracy.

The Court admits there is some language in <u>Firestone Steel Prods. Co. v. Barajas</u>, 927 S.W.2d 608 (Tex. 1996) that seems to support Defendants' view.  In <u>Barajas</u>, the Texas Supreme Court stated that, because the defendant "proved it had no duty to the [plaintiffs], it negated the [plaintiffs'] civil conspiracy claim as a matter of law."  <u>Id</u>. at 617.[4]  While, this language does seem

---

[3] While Defendants have not used this exact phrasing in arguing against remand in this case, the language does appear in a response to a motion to remand in the <u>Liedeker</u> case, involving identical Defendants and attorneys.  This Court assumes that Defendants wish to advance these same arguments in this case.

[4] This Court feels that the better interpretation of <u>Barajas</u> is that the court dismissed the conspiracy claim, not because conspiracy always requires a showing that each conspirator owes a duty to the plaintiff, but because the plaintiffs were trying to hold Firestone liable for a conspiracy to be negligent.  <u>Barajas</u>, 927 S.W.2d at 617 (stating that "[b]ecause a conspiracy requires intent, parties cannot conspire to be negligent").  It is well settled Texas law that defendants cannot conspire to be negligent.  <u>Triplex Communications, Inc. v. Riley</u>, 900 S.W.2d

to support Defendants' position, it is not enough to meet their improper joinder burden.  The Fifth Circuit is clear that a district court must "resolve . . . all ambiguities in the controlling state law in favor of the non-removing party." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted). Therefore, this Court must assume that Tilton and Berry state the correct rule of law for civil conspiracy in Texas.  Under Tilton and Berry, Plaintiff can hold GPRSC liable by proving that: 1) Guidant defrauded Plaintiff; and 2) that GPRSC conspired with Guidant to commit frauds of the kind perpetrated against the Plaintiff.  Therefore, GPRSC was not improperly joined.

Resolving all doubts regarding facts, law, and jurisdiction against the Defendants, this Court is convinced that Plaintiff has a reasonable basis for recovery under state law.  The Motion to Remand is, therefore, GRANTED and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 94th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 05-3377-C.

SIGNED and ENTERED this 16th day of September, 2005.

_____
Janis Graham Jack

United States District Judge

---

716, 720 n.2 (Tex. 1995).

-6-